# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: W.R. & C.R.**

**No. 13-0991** (Fayette County 12-JA-109 & 12-JA-110)

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father, by counsel David S. Hart, appeals the Circuit Court of Fayette County's September 3, 2013, order terminating his parental rights to W.R. and C.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardian ad litem, Thomas A. Rist, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court violated his due process rights by terminating his parental rights upon insufficient evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, the DHHR and the mother filed a co-petition for abuse and neglect against petitioner, alleging domestic violence. The petition specifically stated that on October 15, 2012, petitioner hit the mother in front of the children and shoved one of the children, B.S. The mother called the police and requested a restraining order. The petition further stated that on October 22, 2012, a Child Advocacy Center interview was conducted with all the children. B.S., then eleven years old, disclosed that petitioner threw the mother on the couch, drew back his fist, and stated "I'll show you what real abuse is." B.S. stated that he yelled at petitioner, who then shoved him into a cabinet. B.S. stated that the children were scared and that this was not the first incident of domestic violence in the home. B.S. also told the interviewer about an incident in which petitioner's father choked the mother and petitioner did nothing to protect her. W.R., then nine years old, corroborated B.S.'s version of the incident and also had a bruise on his upper left arm where he said petitioner grabbed him. C.R., then seven years old, also corroborated these facts and disclosed that petitioner had whipped her in the past, leaving bruises. The petition further referenced prior abuse and neglect proceedings against petitioner in 2007 and 2011 for other incidents of domestic violence.[2]

---

[1]The proceedings below concerned a third child, B.S., who is not petitioner's biological child and is, accordingly, not also a subject of this appeal.

[2]The prior abuse and neglect petitions against petitioner were eventually dismissed following DHHR services provided to petitioner.

In May of 2013, the circuit court held an adjudicatory hearing during which petitioner refused to testify. However, the circuit court heard testimony from the mother and reviewed videos of the children's statements, after which it found that the children were abused. In August of 2013, the circuit court held a dispositional hearing during which petitioner again refused to testify and no evidence was presented on his behalf. The circuit court then terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights. Contrary to petitioner's argument that there was insufficient evidence upon which to base termination, the record is replete with evidence supporting the circuit court's decision. During the adjudicatory hearing, the circuit court heard testimony from the mother who was also one of the victims of petitioner's domestic violence. The circuit court also reviewed video of the children's statements concerning their abuse and the domestic violence they witnessed. Further, during the entire pendency of this case, petitioner refused to testify regarding these allegations.

We have previously held that

> "[b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability." Syl. pt. 2, *West Virginia Dept. of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996).

Syl. Pt. 3, *In re Marley M.*, 231 W.Va. 534, 745 S.E.2d 572 (2013). Based upon this holding, it is clear that the circuit court properly considered petitioner's silence as evidence of his culpability. Therefore, not only was the circuit court presented with sufficient evidence of petitioner's perpetration of domestic violence against the children and the mother, but petitioner failed to

2

refute the same. In doing so, petitioner allowed the circuit court to consider his silence as affirmative evidence of his culpability.

In terminating petitioner's parental rights, the circuit court noted that he had been the subject of three abuse and neglect petitions alleging domestic violence since 2007 and that, despite services in the prior cases, the domestic violence issues remain unabated. Further, it is important to note that the multidisciplinary team ("MDT") informed the circuit court through a status report from May 17, 2013, that "[petitioner] continues to believe the allegations in the petition are not true . . . ."

We have previously held that "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect . . . results in making the problem untreatable . . . ." *In re Timber M.*, 231 W.Va. 44, --, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Additionally, pursuant to West Virginia Code § 49-6-5(b)(3), a parent's failure to "respond[] to or follow[] through with a reasonable family case plan or other rehabilitative efforts . . ." to resolve the issue of abuse or neglect constitutes a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future.

As such, it is clear that the circuit court was presented with substantial evidence upon which to make this finding, as well as the finding that termination was necessary for the children's welfare, based upon all the evidence, including petitioner's own failure to acknowledge the underlying issue of abuse. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 3, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II